IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States *ex rel.* Kevin McDonough, | : |
| Plaintiff | : Civil Action 2:08-cv-0114 |
| v. | : Judge Marbley |
| | : Magistrate Judge Abel |
| Symphony Diagnostic Services and Symphony Diagnostic Services No. 1, d/b/a Mobilex U.S.A., | : |
| Defendants | : |
| | : |

## Discovery Dispute Conference Order

On March 21, 2013, counsel for the parties participated in a telephone discovery dispute conference with the Magistrate Judge regarding a Rule 45 subpoena Mobilex served on Stephen Iglesias.

<u>Facts</u>. From October 2005 to September 2006, plaintiff McDonough worked for Mobilex. After that, McDonough worked as a consultant to portable x-ray providers. During at least portions of 2008-2009, McDonough worked as a consultant for Steven Colon whose business, GPSI, was a competitor of Mobilex. During the course of that relationship, McDonough would visit Colon's office and, on occasion sit at his desk and use his computer. He also accompanied Colon on visits to skilled care nursing homes, where they would make presentations about GPSI's services.

Apparently at some point in late 2008 or early 2009, files from McDonough's thumb/flash drive were copied onto either Colon's laptop or his office computer. There is

a factual dispute regarding the circumstances. Plaintiff's counsel represented that McDonough says he inserted the thumb drive into Colon's laptop to access a file while they were making a presentation to a nursing home. Later during that visit, McDonough recognized that the laptop had copies of some or all of the files from the thumb drive. He and Colon sat on a bench outside the nursing home and deleted all the thumb drive files from the laptop.

Mobilex's counsel represented that Colon says he found the thumb drive inserted in a USB slot of his office computer. Colon was unaware of the file transfer from the thumb drive to his computer until after McDonough stopped consulting for him. McDon-ough never asked him for the return of the thumb drive.

In 2010, McDonough brought a False Claims Act suit against Colon and GPSI in a Florida court. Stephen Iglesias represented Colon. As part of Colon's 26(a)(1) disclosures, Iglesias produced a disc containing all the files from McDonough's thumb drive. Mobilex's counsel maintains that McDonough did not assert privilege and/or confidential business information protection for the files. He made no attempt to "claw back" the files.

At some point after 2010, Mobilex acquired GPSI. Subsequently, Colon provided Mobilex with the McDonough thumb drive and/or copies of the thumb drive files.

In Florida, McDonough moved to quash the Iglesias subpoena. The parties have agreed to have the issues raised by the motion to quash resolved by this Court.

<u>Rule 26(a)(1) disclosure files Colon obtained/possessed independent of the thumb drive files</u>. Plaintiff agrees that those files may be produced to Mobilex. The dispute solely relates to the McDonough thumb drive files.

<u>Plaintiff's position</u>. Plaintiff's counsel prepared a log of the thumb drive files. Plaintiff is wiling to produce all relevant files on the thumb drive but maintains that there are privileged documents and documents that contain confidential business information on the thumb drive. There are also many other documents unrelated to the issues in this litigation.

<u>Defendants' position</u>. Defendants argue that McDonough has waived any privilege or confidential business information protection that might have attached to the documents. They further maintain that the log provided by plaintiff's counsel doesn't break out the documents individually.

<u>Scheduling Order</u>. During the telephone conference, I asked counsel to further research, then brief whether McDonough failed to assert privilege and/or confidential business information protection for the thumb drive files during the Florida False Claims Act suit against Colon and, if so, whether the privilege/protection has been waived. On or before **April 1**, plaintiff's counsel will informally provide defendants' counsel with a statement of the facts supporting her client's legal position and make a proposal regarding the documents that plaintiff is willing to produce. Defendants' counsel will respond on or before **April 8.** The parties will file simultaneous letter briefs on this issue **April 17.** Simultaneous replies will be filed **April 24.**

s/Mark R. Abel<br>
United States Magistrate Judge