IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, *ex rel.* Kevin P. McDonough, | : | |
| | : | Civil Action 2:08-cv-00114 |
| Plaintiff | : | Judge Marbley |
| v. | : | Magistrate Judge Abel |
| Symphony Diagnostic Services, Inc. and Symphony Diagnostic Services No. 1, d/b/a Mobilex, U.S.A., | : | |
| | : | |
| Defendants | : | |

## Discovery Dispute Conference Order

On June 6, 20 13, counsel for the parties participated in a telephone discovery dispute conference with the Magistrate Judge regarding plaintiff's third set of requests for production of documents numbers 1 and 2 (RPD 1 and 2). RPD 1 seeks 11 categories of documents regarding 8 skilled nursing facilities (SNFs). RPD 2 seeks those same categories of documents for some 200-250 SNFs operated by three nationwide chains. Two disputes were presented for resolution. First, should data produced as .txt files have been produced in native or other format. Second, is plaintiff entitled to the production of contract and other documents for SNFs that are not identified in the amended complaint.

**Format of production.** Mobilex operates two computer systems that contain data about services and billing. Mobilex exported that data to .txt files. Plaintiff McDon-

ough's counsel said that her IT professionals can export one file to a spread sheet, but the other file is too large to easily export to an Excel spreadsheet. That file contained 177 million lines of data, representing 5-6 million printed pages of data. It would take hundreds of hours to seach through that file and convert the data related to services/bills for the 8 SNFs and the 250 facilities operated by three national chains. Plaintiff's counsel argued that the data was not produced in the manner it is kept in the ordinary course of business.

Mobilex's counsel responded that the bulk of the document production was made in November 2012 and plaintiff's counsel made no complaints about the format of the production until recently.

Mobilex further stated that in the ordinary course of business Mobilex maintains the data in two computer systems: a "DDF" system built for Mobilex and a commercially available "IBX" system. Both systems export data only in a .txt format. Mobilex's counsel is working with data exported from the systems in a .txt format. They have not asked Mobilex to provide them with data from the systems in any other format. It does take some considerable effort to review the data and put it into an Excel database.

Plaintiff McDonough's counsel acknowledged that they had initially agreed to focus document production on the 11 facilities identified in the amended complaint. Nonetheless, the amended complaint pleads a nationwide class and plaintiff needs the documents sought in RPD 1 and 2 to demonstrate that Mobilex is selling its services at below cost to induce SNFs to refer Medicare Part B patients to them.

2

Resolution. Mobilex's counsel is willing to discuss exporting a .txt file that includes data only from the 8 SNFs and the three nationwide chains SNFs.  Counsel should discuss production of a .txt file limited to the additional 8 SNFs and the SNFs operated by the three nationwide chains.

**Contracts and other documents for SNFs not identified in the amended complaint.**  More than a year ago, plaintiff filed an amended complaint and thereafter plaintiff's counsel agreed to limit production of documents to those related to the skilled nursing facilities discussed in that pleading.

Plaintiff McDonough's counsel acknowledged that they initially agreed to limit document production to the 11 SNFs discussed in the amended complaint. However, the amended complaint does plead a nationwide class, and plaintiff has never agreed to limit his lawsuit to the 11 facilities discussed in the amended complaint.

Mobilex is unwilling to produce the contracts and other documents sought by RPD 1 and 2. Mobilex's counsel said that their client had produced facility data sheets for the midwest region and for Mobilex for the period 2003-2012. It has also agreed to produce data reports showing annual consolidated expenses for each region. Mobilex objects to producing monthly expense or cost center P&Ls (Profit and Loss statements) for each region because it would not help plaintiff deduce Moliex's allocations of corporate overhead in the annual corporate P&Ls.

Plaintiff McDonough's counsel said they need the contracts with the SNFs to show a chain of evidence demonstrating that Mobilex was pricing its Medicare Part A

3

services below its cost. The facility data sheets Mobilex produced capture only certain of the information included in its contracts. Mobilex's profit and loss statements do not show the cost of the Medicare Part A services. Plaintiff needs to prove how much it costs to perform a portable x-ray nationwide. Plaintiff argues that the only way to know how much salary/wages/benefits is directly attributable to corporate headquarters is to look at each region's P&Ls.  Mobilex simply does not keep the records needed to determine whether it complies with the statutory command not to sell services below cost.

      Mobilex responded that it had produced everything it has about the 11 facilities about which there are allegations in the amended complaint. Plaintiff McDonough's counsel acknowledged that there did not appear to be any deficiencies in that production. However, plaintiff does not have all the documents for the 13 additional facilities it seeks documents for in RPD 1 and 2. There is not one document produced by Mobilex that shows its actual costs. Nothing in its cost centers data shows the cost of x-rays nationwide.

      Mobilex asserts that it cost more than one million dollars to produce the more than 27,000 documents relating to the 12 SNFs in the Midwest Region. Collecting, reviewing, and producing the contract files for the eight new SNFs and the three SNF chains would cost at least $200,000. The nine categories of documents are not consolidated in contract files, but are maintained in different physical and electronic locations across Mobilex. Consequently, the cost of producing these documents could

well exceed the costs of producing documents to date. Plaintiff's counsel reviewed their client's requests for production of billing documents and made some simplifications to reduce Mobilex's costs in producing the documents.

Mobilex's counsel maintained that plaintiff's counsel had failed to explain what information it expected to find in the additional documents requested would be relevant to the resolution of a material disputed factual issue. The documents already produced show what was charged for services on a particular day and what was paid.

<u>Resolution</u>. Plaintiff has a complete set of information about the 11 SNFs identified in the amended complaint. He now seeks similar information about additional SNFs. But he has failed to demonstrate why he has good reason to believe this information will be proof that Mobilex sold Medicare Part A services at a price below its costs. Mobilex asserts that it has or will provide data regarding the annual consolidated expenses of each region. Although plaintiff argues that the contract data will somehow permit him to calculate Mobilex's profit or loss on its Medicare Part A services, he does not explain how/why that calculation can only be made with access to the contract documents for these additional facilities.

The court must consider whether the "burden or expense of the proposed discovery, outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, a party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Rule 26(b)(2)(C)(iii), Fed. R. Civ. P.  Here the parties reasonably agreed to limit the initial

document production, in large part, to documents related to the 11 SNFs identified in the amended complaint. There is no question about the importance of the issues at stake: Whether Mobilex sold mobile x-ray services to Medicare Part A patients at a price below its costs for providing those services. The unknown is the benefit of discovery sought to resolved this issue. I accept plaintiff's argument that Mobilex does not directly keep records of its costs in providing Medicare Part A services to patients at a specified SNF. But I do not presently see how the documents sought would permit plaintiff to determine those costs. Accordingly, plaintiff's request for production of contract files sought in RPD 1 and 2 is DENIED.

                                                s/Mark R. Abel
                                                Unitd States Magistrate Judge