IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States *ex rel.* Kevin McDonough, : | |
| : | Civil Action 2:08-cv-0114 |
| Plaintiff | |
| : | Judge Marbley |
| v. | |
| : | Magistrate Judge Abel |
| Symphony Diagnostic Services and Symphony Diagnostic Services No. 1, d/b/a Mobilex U.S.A., : | |
| : | |
| Defendants | |
| : | |

## Discovery Dispute Order

My March 22, 2013 Discovery Dispute Conference Order established a schedule for the parties to brief a dispute about whether relator Kevin P. McDonough has waived any claims of privilege or confidentiality in electronic files now in the possession of defendant Mobilex. This matter is before the Magistrate Judge on defendants' April 17, 2013 motion to deny relator's motion for a protective order (doc. 77), relator's April 17 and 24 briefs and exhibits (docs. 79-81), defendants' April 24 brief responding to relator's April 17 brief (doc. 82), relator's May 8, 2013 supplemental affidavits (doc. 83), defendants' May 16, 2013 motion to strike those affidavits (doc. 84), relator McDonough's April 1, 2013 affidavit[1]

---

[1] Although relator's April 17 brief stated that McDonough's affidavit was attached as exhibit 1, no affidavit was attached. On September 23, 2013, I asked relator's counsel to file the affidavit. On that same day, the affidavit was filed (doc. 22), but it was not signed by McDonough. After another telephone call, McDonogh's signed April 1, 2013 affidavit was filed (doc. 93).

(docs. 92 and 93), and defendants' September 25, 2013 motion to strike the affidavit (doc. 94).

  <u>Facts</u>. From October 13 to 24, 2008 and January 8 to 21, 2009, plaintiff McDonough worked as a consultant for Steven and Paolo Colon. McDonough used a thumb/flash drive (USB drive) to back up the hard drive on his computer. Relator asserts that during a mid-January 2009 visit with Steven Colon to a home health agency in Sun City/Tampa/ Bradenton, Florida, McDonough brought his thumb drive with Colon's documents on them. Kevin McDonough's April 1, 2013 Affidavit, ¶¶ 2-5, Doc. 92, PageID 790. The men were in two separate offices at the site. McDonough used Colon's laptop and the thumb drive to access documents related to Colon's business. Colon went into another room, and, upon information and belief, must have attached the thumb drive to the laptop, and hit "autoplay." *Id.*, ¶¶ 6-7. When McDonough later used the laptop to review a document he went into the laptop's "recent documents" menu, and saw "Regina Poserina" on the recent documents list. With further searches, he found the names of other of his documents and clients on the laptop. *Id.*, ¶ 8. McDonough and Colon discussed what had likely happened. Colon agreed that files had been copied, and that he would delete all of the copied folders off the laptop. *Id.*, ¶ 9, PageID 790-91. Together, the two men deleted from the laptop the files and file folders that had been copied from McDonough's thumb drive to the laptop. *Id.*, ¶ 10, PageID 791. When he left for the day, Colon took the thumb drive with him. *Id.*, ¶ 11.

  McDonough was staying with a friend, Robert Heiden. He asserts that while he was driving to Heiden's, he became concerned about someone being able to retrieve the

2

"deleted" thumb drive documents from the laptop. McDonough spoke with Heiden, relating the facts set out above. Heiden told McDonough that, in his opinion, the only way to permanently delete this information from Mr. Colon's laptop was to have a professional IT person "scrub" or "wipe" the laptop hard drive. *Id.*, ¶¶ 12-14; Robert Heiden's March 28, 2013 Affidavit, Relator's April 17, 2013 Brief, Exhibit 2, Doc. 79-2, PageID 690-91. McDonough took no further action at that time to protect his electronic files from third parties.

In August 2010, McDonough filed a False Claims Act lawsuit in United States District Court for the Middle District of Florida at Tampa against Colon and his business, GPSI. *United States ex. rel. Kevin P. McDonough v. Colon*, 8:10-cv-1889-T-23-EAJ. Apparently on or about October 10, 2011, Colon's attorney, Stephen Iglesias, provided McDonough's attorney, Jonathan Kroner, with a CD containing electronic files that came from McDonough's thumb drive. Relator suggests that it appears Colon used some improper means to retrieve the files McDonough asserts were copied to Colon's laptop and deleted the same day. On August 10, 2011, Kroner emailed Iglesias that he had received the CD, which included 627 folders that contained 3,015 files. He said that "these documents seem to have nothing to do with this case. Instead, they appear to be documents and files stolen by Mr. Colon from a thumb drive owned by Mr. McDonough. " He asked that Iglesias let him know whether any of the files had anything to do with the lawsuit. Doc. 80, PageID 712-13. On July 12, 2012, relator McDonough filed a motion to compel discovery. In the brief supporting that motion, Kroner wrote: "While Relator worked for Defendants, Mr. Colon stole information from Relator's computer's hard drive which contained privileged and

3

confidential attorney-client information relating to the (then sealed) Symphony case." A footnote asserted that the production of the documents "can only be interpreted as an implicit threat of disclosure . . . ." Relator's April 17, 2013 Brief, Exh. 4, Doc. 79-3, PageID 697.

Colon's recollection of how he came into possession of the electronically stored documents is completely irreconcilable with McDonough's. Colon is a former owner and operator of a mobile x-ray company called Home Care X-Ray, Inc. He asserts that while McDonough was working on the project, he told him that he needed access to the company's computers in order to populate a spreadsheet with data. He maintained the spreadsheet on a thumb drive. Based on McDonough's representation concerning the spreadsheet, Colon authorized him to use computers at the company's office, including the laptop computer which he used in the business. Colon later saw McDonough his laptop and other computers at the company's office. McDonough told Colon that he used the company's computers to work on the spreadsheet which he maintained on the thumb drive.  McDonough left the thumb drive in the Home Care X-Ray offrce overnight on at least one occasion during his work there. Colon did not use the thumb drive while McDonough was working at Home Care XRay. He never plugged the thumb drive into his laptop or any other computer. McDonough never told him that files from the thumb drive had been transferred to Colon's laptop or any other computer. Moreover, he never asked Colon to delete or help delete transferred files from his laptop or any other computer Colon denies ever doing so. After McDonough stopped working on the project, Colon discovered that files had been transferred to his laptop. He also found McDonough's

thumb drive at the office. McDonough did not contact Colon to inquire about the transferred files to his laptop or the abandoned thumb drive.

Defendants argue that McDonough waived any claim of privilege or confidentiality he has in the documents by failing to maintain their confidentiality leaving the files on Home Care XRay's computer, leaving his thumb drive in its offices, and not seeking the immediate return of them when Colon's attorney produced them during the Florida federal litigation.

Privileges can be waived by disclosure to third parties. Attorney-client communications must be made in confidence and cannot be disclosed to third parties to be protected from production. See, *Reed v. Baxter,* 134 F.3d 351, 355-56 (6th Cir. 1998); *Guy v. United Healthcare Corp.,* 154 F.R.D. 172, 177 (S.D. Ohio 1993)(King, Magistrate Judge).

When a party demonstrates "good cause," Rule 26(c)(1), Fed. R. Civ. P., a court may issue an order "requiring that a trade secret or other confidential [...] commercial information not be revealed or be revealed only in a specified way."  Rule 26(c)(1)(G), Fed. R. Civ. P. Where commercial information may be subject to protection under Fed. R. Civ. Pro. 26(c), a court will look to determine if its disclosure will work "a clearly defined and very serious injury".  *United States v. Int'l Business Machines Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975).  Factors determining whether and to what extent business information should be protected from disclosure include:

> (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the

information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Id*. at 47.

Discussion. On the present record I cannot determine whether there has been a waiver of any claim of privilege or protection McDonough may have for the documents. The only case defendants cite supporting their waiver, *Weatherly v. State Farm Fire & Cas., Insurance. Co.,* 2009 WL 1507353 (E.D. La. May 28, 2009), sheds little light on the question before this court. In *Weatherly,* State Farm had produced documents in another litigation, then sought to prevent the plaintiff in a subsequent case from obtaining those documents from the third party possessing them. Here McDonough did not produce the documents. His argument is that Colon stole the documents. That claim was made promptly after Colon's attorney produced the documents in the Florida litigation.

It is not possible on the present record to determine whose version of the events to believe. That could only be done by taking the testimony of the affiants and making credibility determinations.

On the other hand, it is entirely unclear whether there are any relevant documents among McDonough's thumb drive files.[2] Nor has McDonough supported his broad assertion of privilege and confidential business records protection with affidavit or other evidence establishing each element of the claim or protection asserted.

---

[2]Defendants point to a PowerPoint presentation that included information about pricing of mobile x-ray services, but they also assert that McDonough made the presentation to Colon and gave him a copy of it.

<u>Decision</u>. In an attempt to resolve this dispute without further hearing, briefing and expense, it is ORDERED that relator's counsel review the thumb drive documents and produce all relevant, non-privileged documents responsive to defendants' document requests.[3] The privilege log must be supported by affidavits establishing each element of the particular claim of privilege as to the specific document, documents, or categories of documents for which that particular claim of privilege is asserted.

The Clerk of Court is DIRECTED to terminate Docs. 72 and 82 as mooted by this Order. Defendants' May 16, 2013 motion to strike (Docs. 84) is GRANTED. Relator should have submitted this information with his initial brief. Defendants' September 25, 2013 motion to strike (Doc. 94) is DENIED. Relator attempted to timely file the affidavit. Defendants' counsel had copies of the affidavit. Defendants suffered no prejudice or other disadvantage from the untimely filing of the affidavit.

s/Mark R. Abel<br>United States Magistrate Judge

---

[3] Even if stolen, these are documents within McDonough's possession or under his control, and his counsel have an obligation to search them and produce all relevant, non-privileged documents.