IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States *ex rel.* Kevin McDonough, | : | |
| | : | Civil Action 2:08-cv-0114 |
| Plaintiff | : | Judge Marbley |
| v. | : | Magistrate Judge Abel |
| Symphony Diagnostic Services and Symphony Diagnostic Services No. 1, d/b/a Mobilex U.S.A., | : | |
| | : | |
| Defendants | : | |

## Discovery Dispute Conference Order

On October 28, 2013, counsel for the parties participated in a telephone discovery dispute conference with the Magistrate Judge for decision on plaintiff's October 18, 2013 motion to compel discovery (doc. 97).

<u>Cause of action</u>. This is a *qui tam* lawsuit brought under the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3279, *et seq.* Relator Kevin McDonough alleges that Mobilex, a pro-vider of mobile x-ray services, violated the FCA by engaging in "swapping arrangements" that offered substantial, below-cost discounts to skilled nursing facilities ("SNFs") for x-ray services provided their Medicare Part A patients in exchange for referrals of the SNFs' Medicare and Medicaid service needs. Portable x-ray services to SNF patients under Medicare Part A are covered by the nursing home's per diem, per-patient Medicare Part A reimbursements.  Mobilex bills Medicare and other publicly funded health insurance pro-grams directly for services to patients under Medicare Part B. This

practice constitutes illegal kickbacks or "swapping under the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b.

<u>David Yarin's expert report and the database on which he relied</u>. Mobilex hired health care consultant David Yarin to analyze Mobilex's Part A facility charges and Part B carrier payments. Defendants' counsel asked Yarin to prepare an expert report quantifying Mobilex's revenues attributable to Medicare Part A and Part B patients, and comparing Mobilex's average Part A charges per test and per patient encounter to Mobilex's average cost per test and per patient encounter. Mobilex provided Yarin with 11 years of Mobilex's raw facility charge data and eight years of raw Medicare carrier payment data. The same data was provided to relator McDonough's counsel.

Yarin managed and relied upon technical experts from his consulting firm in performing his analyses. They collected the raw data in the .txt file format and imported some of the raw data directly into a SQL database. Then they wrote scripts to convert the data into a usable format. Next they wrote scripts in the Python programming language and applied them to the remainder of the data to generate output files. The output files were loaded into the SQL database, where they were combined with the data that had been imported directly into the database. The technical experts from Yarin's firm then validated the data in the SQL database. Next they wrote scripts (queries) in the SQL programming language, following general parameters set by Yarin, they then used to generate the figures contained in his report. They also performed quality control reviews of these figures. Yarin is not a SQL or Python programmer.

Yarin did not draft any of the scripts or directly implement the data validation or

quality control measures. His role was to oversee the technical experts' work by establishing project requirements, making decision on scope, and ensuring that they performed their work to his expectations.

Mobilex further asserts that the volume of data was so great that the cost of the project was substantial: approximately $193,738.

Mobilex and Yarin have produced the following materials:

- The voluminous, nonpublic documents listed on Yarin's materials considered list, including all of the raw Mobilex data used to create the SQL database;

- The raw Mobilex data for the subset of 348 facilities which the Court asked Mobilex to extract from the larger data set and provide to McDonough's counsel as an accommodation to simplify their data analysis;

- Nonprivileged communications (e.g., emails) between Yarin and Mobilex or Mobilex's counsel in connection with his reports;

- Nonprivileged communications (e.g., emails) between Yarin and his FTI colleagues in connection with his reports; and

- Nonprivileged notes prepared by Yarin in connection with his reports.

Mobilex and Yarin are also willing to make him available for deposition with realtime laptop access to the SQL database for his use during cross-examination. A technical expert will be present to assist Yarin in querying the database.

Mobilex and Yarin have not produced the SQL database, Python scripts, SQL scripts, Excel files, or output files. They have produced reference files identified by Yarin in his report, Yarin's notes, and cash payment and P&L reports.

Although Yarin will be able to query the database during his deposition, as I understand it, a specific query can be made only if a script is available. That might limit relator's counsel's ability to cross-examine him.  For example, Yarin's report contains averages, while relator's counsel say they want to know the highest and lowest price/cost for services provided a specific SNF or group of SNFs.

Decision. My decision is driven primarily by Mobilex's investment in the database and relator's decision not to share the cost of that database or invest in creating his own. It simply seems unfair for a party to hold back, then come in the backdoor and demand an opposing party's work product.

While I have concerns about whether the opinions reached by querying the database are admissible without testimony from the technical experts about its creation and integrity and about whether relator's counsel can effectively cross-examine Yarin, I am not presently convinced that relator's counsel will be unable to effectively conduct the cross-examination. If the deposition transcript demonstrates that relator's inability to access the database prevented a meaningful examination of Yarin, I am willing to revisit the issue.

 Plaintiff's October 18, 2013 motion to compel discovery (doc. 97) is DENIED.

s/Mark R. Abel  
United States Magistrate Judge
